

# THE ATTORNEY GENERAL
## OF TEXAS

JOHN L. HILL
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

July 19, 1976

The Honorable Joe Christie
Chairman
State Board of Insurance
1110 San Jacinto Blvd.
Austin, Texas   78786

Opinion No. H-848

Re:  Whether persons who were not subject to a disciplinary order of the Commissioner of Insurance may appeal that order to the State Board of Insurance.

Dear Chairman Christie:

You have requested our opinion regarding whether persons not subject to a disciplinary order of the Commissioner of Insurance may appeal from an order to the State Board of Insurance.

On October 16, 1975, the Commissioner of Insurance issued a consent order by which two business entities agreed to

> take such actions as may be necessary . . .
> to make it clear that [corporation] is not
> engaged as an agent in the insurance bus-
> iness, that [company] is an agent engaged
> in the insurance business, and to delineate
> the role or functions of each entity in any
> integrated or joint program of insurance and
> securities solicitations and sales, so as to
> avoid the possibility of [corporation] doing
> business as an insurance agent or the public
> believing that [corporation], rather than
> [company], is engaged in such insurance
> business.

Apparently, the Commissioner's order grew out of charges of "unfair methods of competition and unfair and deceptive acts or practices in the business of insurance," as defined in and prohibited by article 21.21 of the Texas Insurance Code. Sections 3 & 4. Likewise, the Commissioner's consent order was issued under the authority of section 22 of article 21.21, which permits the Board

> [i]n the administration of this Article . . . [to] accept assurance of voluntary compliance with respect to any act or practice which violates this Article . . . .

Article 1.04(d) of the Insurance Code provides, in pertinent part:

> Any person or organization, private or public, which is affected by any ruling or action of the Commissioner of Insurance shall have the right to have such a ruling or action reviewed by the State Board of Insurance by making an application to the Board.

Other portions of the Insurance Code provide for appeal in specific instances, such as section 13 of article 21.07-1, which authorizes an "applicant or accused" to appeal the suspension, revocation, or denial of a license. Although it is arguable that some of these special appeal provisions were repealed by the enactment of article 1.04(d), the court in State Board of Insurance v. Adams, 316 S.W.2d 773 (Tex. Civ. App. -- Houston 1958, no writ), held that they were repealed only to the extent they are "repugnant to or inconsistent with the terms of the later statute." Id. at 776, 779. In any event, article 21.21 contains no special appeal section except for the inclusion by reference in section 13 of article 21.44 with respect to cease and desist orders. As to orders acknowledging voluntary compliance under section 22 of article 21.21, we believe that the general appeal statute, article 1.04(d), is clearly applicable.

Article 1.04(d) permits "any person or organization" to appeal to the State Board of Insurance "any ruling or action of the Commissioner," provided the appellant is "affected" by such ruling or action. Whether an appellant is a person "affected" requires a factual determination which is properly within the discretionary authority of the Board. In Empire Gas & Fuel Co. v. Railroad Commission of Texas, 94 S.W.2d 1240 (Tex. Civ. App. -- Austin 1936, writ ref'd), the court found it impracticable for the Legislature to define precisely who were "interested parties affected" and held that whether a party was "affected" was

> generally a fact question dependent upon the facts and circumstances of the particular case . . . . Id. at 1244.

Thus, it is our opinion that any person "affected" by the order of the Commissioner may appeal that decision to the State Board of Insurance pursuant to article 1.04(d) of the Insurance Code. It is for the Board reasonably to determine whether an appellant is "affected" by the Commissioner's order.

### S U M M A R Y

> Any person "affected" by an order of the Commissioner of Insurance pursuant to article 21.21, Texas Insurance Code, may appeal that decision to the State Board of Insurance under article 1.04(d). Whether the appellant is a person "affected" is a question of fact to be determined by the Board.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

The Honorable Joe Christie - page 4  (H-848)

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb